**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Matthew Trey Calhoun,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-13-8009-PCT-NVW (JFM)

**Report & Recommendation On Petition
For Writ Of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 11, 2013 (Doc. 1).[1]   On April 10, 2013, Respondents filed their Response (Doc. 11).   Petitioner has not filed a Reply.

The Petitioner's Petition is now ripe for consideration.   Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

## A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On March 21, 1996, Petitioner was indicted in the Yavapai County Superior Court on four counts of sexual contact with a minor.   (Exhibit B, Indictment.) (Exhibits to the Response, Doc. 11, are referenced herein as "Exhibit ___.")   He subsequently entered

---

[1]   Petitioner has since apparently been released.   (*See* Doc. 8, Notice of Change of Address.)

into a written Plea Agreement (Exhibit C), wherein he agreed to plead guilty to molestation of a child, and two counts of attempted molestation of a child.  He entered his plea on May 28, 1997, and on August 5, 1997, was sentenced to 17 years in prison on the molestation charge, and sentence on the remaining charges was suspended and Plaintiff was placed on lifetime probation.

**B.  PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at 2.)

**C.  PROCEEDINGS ON FIRST POST-CONVICTION RELIEF**

On October 24, 1997, Petitioner filed his first Notice of Post-Conviction Relief (Exhibit E).  Counsel subsequently filed a "Supplemental Petition" arguing that the trial court had improperly imposed conditions of probation which the parties had bargained to not include.  On December 10, 1998, the PCR court agreed and amended the conditions of probation to eliminate the offending conditions.  (Exhibit G, M.E. 12/10/98.)

In the interim, on October 30, 1997 "at the request of trial counsel, the Court amended the sentencing order waiving the community supervision requirement." (Exhibit K, Order 9/16/10 at 1.)   A formal amendment to the sentence was filed January 20, 1998.  (Exhibit N, Docket at no. 113.)

Petitioner did not seek further review.

**D.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF**

More than ten years later, on April 9, 2009, Petitioner filed a Motion to Waive Community Supervision (Exhibit H), seeking to avoid .  That motion was denied on April 14, 2009, the court finding the issue moot because the Court had previously "amended the Sentencing Order and Conditions of Intensive Probation."   (Exhibit I, Order 4/14/9.)

Petitioner did not seek further review.

**E. PROCEEDINGS ON THIRD POST-CONVICTION RELIEF**

On July 7, 2010, Petitioner filed a "Rule 32 Motion to Vacate" (Exhibit J), arguing that lifetime probation was not an available sentence on the charges for which it was imposed. On September 16, 2010, the PCR court denied the petition, finding the claim "precluded" for failure to raise it earlier, citing *State v. Shrum*, 220 Ariz. 115, 203 P.3d 1175 (2009).

Petitioner sought review by the Arizona Court of Appeals and Arizona Supreme Court, which were denied on April 12, 2012 (Exhibit L) and October 4, 2012 (Exhibit M).

**F. PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 11, 2013 (Doc. 1). Petitioner's Petition asserts a single ground for relief: "that being placed on lifetime probation violated his right to due process under the Fifth and Fourteenth Amendments because there were no provisions under the Arizona Criminal Code for the imposition of lifetime probation for an attempted sexual offense committed between January 1, 1994 and July 1997." (Order 2/6/13, Doc. 4 at 1.)

**Response** - On April 10, 2013 Respondents filed their Response ("Limited Answer") (Doc. 11). Respondents argue that the Petition is barred by the habeas statute of limitations, Petitioner's claim is not cognizable, and that the claim is procedurally defaulted.

**Reply** – Petitioner was given thirty days from a response to reply. (Order 2/6/13 at 3.) Petitioner has not filed a reply, and the time to do so has now expired.

//

//

//

//

3

### III. APPLICATION OF LAW TO FACTS

**A.  TIMELINESS**

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).[2]  Petitions filed beyond the one year limitations period are barred and must be dismissed.  *Id.*

**2.  Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]

However, in Arizona, pleading defendants are not permitted a direct appeal. Therefore, for an Arizona noncapital pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007).

"To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).  Here, Petitioner's first PCR notice (Exhibit E) was

---

[2] AEDPA's one year statute of limitations became effective on April 24, 1996, prior to Petitioner's conviction. *See Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1287 (9th Cir. 1997).
[3]  Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Petitioner proffers no argument that any of these apply.

1   filed on October 24, 1997, just 80 days after his sentence on August 5, 1997 (Exhibit D).
2   That qualified as an "of right" petition.

3       That proceeding remained pending through December 10, 1998, when the PCR
4   court ruled.  Petitioner had 30 days thereafter to seek further review by the Arizona
5   Court of Appeals.  Ariz. R. Crim. P. 32.9(c).  Petitioner did not seek such review, and
6   therefore his judgment became final on Monday, January 11, 1999.

7       It might be argued that the January 20, 1998 Amendment to Sentencing
8   Document and the December 10, 1998 grant of post conviction relief removing
9   conditions of probation, amounted to new sentences.  In *Burton v. Stewart*, 549 U.S
10  147 (2007), the Court concluded that for purposes of the habeas statute of limitations,
11  "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.*
12  at 799 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).  *See also Ferreira*
13  *v. Secretary, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007) (holding re-
14  sentencing judgment is relevant one, even if challenge is directed only to earlier
15  conviction).

16      Because it does not alter the outcome, the undersigned presumes for purposes of
17  this Report and Recommendation that the latter, December 10, 1998, order amounted to
18  a new sentence, and is the relevant judgment.  Petitioner would have had no more than
19  thirty days thereafter to seek further review, whether viewed as governed by the time for
20  review on the PCR proceeding under Ariz. R. Crim. P. 32.9(c) (30 days) or as governed
21  by the time for direct review under Ariz. R. Crim. P. 31.3 (20 days).

22      Accordingly, even under *Burton*, Petitioner's judgment would have become final
23  no later than January 11, 1999.

24      Therefore, Petitioner's one year began running on January 12, 1999, and without
25  any tolling expired on January 11, 2000, making his January 11, 2013 Petition almost
26  thirteen years delinquent.

27  //
28  //

5

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's second PCR proceeding was instituted on April 9, 2009, when Petitioner filed his Motion to Waive Community Supervision (Exhibit H).   That remained pending until April 13, 2009 when the Court denied the motion as moot.  Petitioner did not seek further review in that proceeding.  He is not entitled to tolling for unsought subsequent review.  *See  Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir.2005), *amended on other grounds by* 439 F.3d 993 (9th Cir.2006); and *Thorson v. Palmer*, 479 F.3d 643 (9th Cir.2007).  Thus, Petitioner's statute of limitations was tolled for five days, extending his one year from January 11, 2000 through Monday, January 17, 2000.

Petitioner's third PCR proceeding was instituted almost ten and a half years later, when he filed his Motion to Vacate on July 7, 2010.   Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Thus, Petitioner's habeas Petition filed January 11, 2013 was filed almost thirteen years after his one year limitations period expired.

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The

petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner proffers no basis for a finding of equitable tolling, and the undersigned finds none.

**5.  Actual Innocence**

The Ninth Circuit has concluded that the habeas statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

**6.  Summary re Statute of Limitations**

Petitioner's one year habeas limitations period commenced running no later than January 12, 1999, and with five days tolling for his second PCR proceeding, expired after January 17, 2000, making his January 11, 2013 Petition almost thirteen years delinquent.  Petitioner has shown no basis for equitable tolling or actual innocence to avoid the effects of his delay.  Consequently, the Petition must be dismissed with prejudice.

//

//

**B.  OTHER DEFENSES**

Respondents assert other defenses, including that the claim fails to assert the violation of federal law, and that Petitioner has procedurally defaulted on his state remedies on his claims.  Because the undersigned finds the petition plainly barred under the statute of limitations, these other defenses are not reached.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed January 11, 2013 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the reasoning of this Report and Recommendation is accepted, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's

1  right to appellate review of the findings of fact in an order or judgment entered pursuant

2  to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-

3  47 (9th Cir. 2007).

4

5  Dated: June 24, 2013

6  13-8009r RR 13 06 17 on HC.docx

James F. Metcalf
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28